Viall *v.* Carpenter.

SAMUEL H. VIALL *vs.* THOMAS CARPENTER.

A trespass committed under a claim of right is not a casual and involuntary trespass, upon tendering sufficient amends for which the trespasser, if afterwards sued, may recover costs under the Rev. Sts. *c.* 105, § 12.

ACTION OF TORT for trespass on the plaintiff's land. Answer, a disclaimer of all title; that the trespass was casual and involuntary, and was committed in using a way over the land under a belief of right since the date of a former writ by the plaintiff against the defendant, and until the result of that suit informed him that he had no such right; that the defendant before the commencement of this suit tendered to the plaintiff and now brought into court the sum of five dollars for the damages sustained by him by such use of the way; and a denial of any other act of trespass.

At the trial in the superior court, there was evidence of the facts alleged in the answer, and the jury returned a verdict for not more than the sum tendered. The defendant moved for judgment for costs. *Vose*, J. overruled the motion, and the defendant appealed.

*C. I. Reed*, for the defendant, cited *St.* 1786, *c.* 52, § 2; Rev. Sts. *c.* 105, §§ 11, 12, and commissioners' notes; *Warren* v. *Nichols*, 6 Met. 261.

*E. H. Bennett*, for the plaintiff, was stopped by the court.

Viall *v.* Carpenter.

Bigelow, C. J. This case does not come within the provisions of Rev. Sts. *c.* 105, § 12, relating to casual and involuntary trespasses on lands. That statute was intended to apply to cases where trespasses had been committed by reason of a casualty, or without the knowledge or assent of the trespasser, as where beasts escape from the land of one person into that of another without any act on the part of their owner. But in the present case the tortious acts were done, not through accident or negligence, or without the exercise of volition by the defendant; they were done designedly and under a claim of right. To call such acts casual and involuntary is a contradiction in terms. Under a similar statute in England, *St.* 21 Jac. 1, *c.* 16, § 5, it has been held that a trespass committed by mistake is not within the terms of the statute, because the act was voluntary. In such case, the entry on the land, being intended, was deemed not to be within the statute, although it might have been made under an erroneous impression as to the right of the tortfeasor in the premises. *Walgrace's case,* Noy, 12. *Basely* v. *Clarkson,* 3 Lev. 37. 1 Man. & Gr. 245 note. If a party enters on land *ex intentione,* the law holds him responsible for all the consequences of his acts, and treats him as a wrongdoer, if he fails to justify his entry. It is only when by a casualty or without design he commits a trespass, that the law seeks to protect him from costs, if he seasonably tenders sufficient amends and disclaims all title to the premises upon which the unlawful entry was made.

*Judgment affirmed.*